IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM EVANS, Inmate #B-08677, )<br>)<br>Petitioner,       )<br>)<br>vs.                             )<br>)<br>ILLINOIS DEPARTMENT OF )<br>CORRECTIONS and LAWRENCE )<br>CORRECTIONAL CENTER,    )<br>)<br>Respondents.     ) | CIVIL NO. 06-055-WDS |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Petitioner, an inmate in the Lawrence Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge a recent disciplinary proceeding. He also seeks leave to proceed *in forma pauperis* (Doc. 2).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

The facts giving rise to this action are straight-forward. In December 2005, shortly before the California execution of Stanley Tookie Williams, Petitioner was "rapping" in the shower. He

was overheard by at least one officer, who construed the lyrics as promoting or inciting gang activity. Petitioner received a disciplinary ticket on December 13, 2005, a hearing was held on December 21, and he was found guilty. As a result, he was punished with six months loss of privileges, six months loss of good conduct credit, and six months in segregation. At the time he prepared this petition on January 16, 2006, Petitioner had not yet received a final summary report from the warden, nor had he received a reply to an emergency grievance that he filed.

> Federal law requires that state prisoners give state courts a fair opportunity to act on their claims before bringing habeas claims in federal court. *See* 28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1998); *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998). The requirement that state courts have the first opportunity to cure a claim of continued confinement in an unconstitutional fashion stems from the understanding that state courts are equally obliged to follow federal law and from the desire for comity between state and federal court systems. *See O'Sullivan*, 526 U.S. at 844-45, 119 S.Ct. 1728; *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A "fair presentment" of a petitioner's claims requires that a petitioner give state courts "a meaningful opportunity to pass upon the substance of the claims [petitioner] later presses in federal court." *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999).

*Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). "A petitioner presents [his] claims fully simply by pursuing all available avenues of relief provided by the state before turning to the federal courts." *Howard*, 185 F.3d at 725; *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998). Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

In the case of a disciplinary action, the Illinois Administrative Code sets forth the grievance procedures to be followed by committed persons. *See* 20 Ill. Adm.Code § 504.800 *et seq*. An

inmate first must take his complaint to a correctional counselor for informal resolution.[1]  If this does not resolve the problem, he is to file a written grievance on an institutional form within sixty days of the incident or occurrence complained of, and that grievance should be addressed to the Grievance Officer.  Each institution has one or more designated Grievance Officers who review such grievances.  The Grievance Officer reports his or her findings and recommendations to the Chief Administrative Officer, *i.e.*, the warden, within fifteen days, "whenever possible," and the warden is to advise the inmate of his or her decision within two months after receipt of the grievance.

The inmate may appeal the warden's disposition of the grievance in writing to the Director of the Department of Corrections within 30 days of the warden's decision.  The Director reviews the grievance and the responses of the Grievance Officer and warden, and determines whether the grievance requires a hearing before the Administrative Review Board ("ARB").  If it is determined that the grievance is without merit or can be resolved without a hearing, the inmate is to be advised of this disposition in writing.  Otherwise, the grievance is referred to the ARB, which may hold hearings and examine witnesses.  The ARB submit a written report of its findings and recommendations to the Director, and the Director then makes a final determination within six months after receipt of the appealed grievance, "where reasonably feasible."  20 Ill.Adm.Code §§ 504.810-850 (2001).

Further, when challenging the revocation of good time credit in habeas corpus, an inmate must also exhaust his remedies through the Illinois state courts.  *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994); *Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996); *Simpson v. Rowan*,

---

[1]  If deemed an emergency presenting "a substantial risk of imminent personal injury or other serious or irreparable harm to the offender," an inmate may send his grievance directly to the warden.  20 Ill. Adm.Code § 504.840.

73 F.3d 134, 136 (7th Cir. 1995), *cert. denied*, 519 U.S. 833 (1996); *Viens v. Daniels,* 871 F.2d 1328, 1333-34 (7th Cir. 1989).  The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner.  *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981).  *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982).

A failure to exhaust administrative remedies in a timely manner may lead to dismissal of the action without consideration of the merits, absent any waiver, estoppel and equitable tolling.  *See Ester v. Principi,* 250 F.3d 1058, 1071 (7th Cir. 2001); *Gibson v. West*, 201 F.3d 990, 993-94 (7th Cir. 2000); *White v. Bentsen*, 31 F.3d 474, 474-76 (7th Cir. 1994).  Further,

> unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. Any other approach would allow a prisoner to "exhaust" state remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem – or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner. *See Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

*Pozo v. McCaughtry,* 286 F.3d 1022, 1023-24 (7th Cir. 2002).  Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."  *Id.* at 1025.  Furthermore, "[a] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1977e(a) from litigating.  Failure to do what the state requires bars, and does not just postpone, suit under § 1983."  *Id.* at 1023-1024.

From the petition before the Court, it is undisputable that Petitioner has ***not*** exhausted his

adminsitrative remedies regarding this disciplinary ticket, nor has he presented his claims to the Illinois courts in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*.

In summary, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** without prejudice to Petitioner refiling his claims, but *only after* he has properly exhausted all of his administrative and state court remedies in this matter.

**IT IS SO ORDERED.**

**DATED: February 8, 2006**

                                        **s/ WILLIAM D. STIEHL**
                                            **DISTRICT JUDGE**